# William H. Livingood, Admr., Plff. in Err., v. Milton H. Heffner.

A testator left the residue of his estate to his wife "for her use and support, and occupation and possession, as long as she remained" his widow. The will provided that in case she remarried she was to have only what the law allowed her, and that at her request that the land should be sold, the executor "may sell the same" and the money received therefor should be "put on interest for her support." In the following clause the testator appointed an executor, and continued: "and (I) empower him to give a deed for my real estate, the same as I myself could have done if living." The widow remarried and thereafter letters of administration c. t. a. were granted upon the estate, and she requested a sale, and the administrator sold the property to the defendant, who refused to accept a deed, claiming that the administrator had no power to make title. *Held,* that the administrator had power to sell under the will, and the fact that the sale was made at the request of the widow after her remarriage was of no consequence.

(Argued February 15, 1888. Decided March 12, 1888.)

January Term, 1888, No. 2, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Error to the Common Pleas of Schuylkill County to review a judgment in favor of the defendant on a case stated. Reversed.

Cited in Still's Estate, 12 Pa. Co. Ct. 379, 2 Pa. Dist. R. 105, 31 W. N. C. 252.

NOTE.—An administrator c. t. a. may exercise power of sale given to the executor by the testator. Potts v. Breneman, 182 Pa. 295, 37 Atl. 1002; Tarrance v. Reuther, 13 Montg. Co. Rep. 162; Still's Estate, 12 Pa. Co. Ct. 379, 2 Pa. Dist. R. 105, 31 W. N. C. 252.

This was a case stated in which William H. Livingood, administrator *c. t. a.* of Samuel Machemer, deceased, was plaintiff, and Milton H. Heffner was defendant.

The facts stated for the opinion of the court were as follows:
Samuel Machemer, the decedent, died on the 16th day of July, 1860, seised of a messenger and tract of land situate in Long Run valley, Wayne township, Schuylkill county, adjoining property of Michael Dress, Charles Kantner, and others, containing 29 acres, more or less. He left a will dated July 14, 1860.

A certain Joseph Woomer was the executor named in said will. The will was probated on the 20th day of July, 1860, before Jacob Feger, register of said county at Pottsville. Said Woomer declined to accept the trust, and is now believed to be dead. On the 14th day of February, 1887, letters of administration *cum testamento annexo de bonis non* were granted to said William H. Livingood. On the 15th day of February, 1887, Elizabeth Moyer, the widow, made a request in writing to sell the above-described property. In consequence of the foregoing request and by virtue of his office under the will, the said William H. Livingood advertised said property for sale on the 12th day of March, 1887, and on said day sold the same to Milton H. Heffner, the defendant, for $947.

Milton H. Heffner now refuses to pay the purchase money, upon the ground that the said Elizabeth Moyer (late Machemer) married again, and that the said William H. Livingood, administrator as aforesaid, had not the power to vest in Heffner the title to the premises.

If the court be of the opinion that the plaintiff is competent to vest in defendant the title of Samuel Machemer, deceased, to the said premises by deed executed by him in pursuance of the powers in said will contained and of said request of Elizabeth Moyer, the widow of said Samuel Machemer, deceased, and for the purpose in said will mentioned, then judgment to be entered for the plaintiff for the sum of $947, but without costs of suit; but if not, then judgment to be entered for defendant, each party reserving the right to sue out a writ of error thereon.

The clauses of the will material to this issue were as follows:
*Second.* It is my will and I hereby bequeath unto my beloved

wife, Elizabeth, all the rest of my estate after the payment of my funeral expenses and other claims, both real and personal, for her use and support and occupation and possession as long as she remains my widow or keeps my name. In case she should marry again she shall have only what the law allows her. In case my wife desires the land shall be sold my executor may sell the same, and the money received therefor shall be put on interest for her support during her lifetime, or as long as she may remain my widow, and the remainder after death I bequeath one hundred dollars to the Evangelical Congregation. at John Reeds, in Wayne Township and the remainder to the Evangelical Mission Society of Pennsylvania.

Third. I hereby appoint and empower my trusty friend, Joseph Woomer, my executor of this my last will and testament, and empower him to give a deed for my real estate, the same as I myself could have done if living.

The court, PERSHING, P. J., entered judgment for the defendant.

The assignments of error specified the action of the court: (1) In directing that judgment be entered on the case stated for the defendant; (2) in deciding that the will did not work a conversion of the land into money; and (3) in saying that "the administrator *c. t. a.* cannot now make sale of the decedent's real estate and convey a good title to the purchaser by virtue of anything contained in the will."

*Wm. D. Seltzer* and *Wm. H. Livingood,* for plaintiff in error.—A power to sell, given to executor by name, survives to the administrator *c. t. a.* Gideon's Estate, 2 W. N. C. 355; 2 Rhone, Orphans' Court Practice, p. 156; Lantz v. Boyer, 81 Pa. 325.

No particular form of words is necessary to create an express power to sell; it is enough that the intention to confer it appears in any part of the will of the testator. Gray v. Henderson, 71 Pa. 368.

A power to sell is not affected by the fact that the devising clause is void. Zerbe v. Zerbe, 3 Legal Chronicle, 10; Davis's Appeal, 83 Pa. 352.

Where the testator directs his land to be sold and the proceeds to be divided, the will should receive a liberal construction so as to carry into effect its purposes and intents, although it does not

confer upon the executor express authority to sell. And it seems that even a private sale, in those cases where the executor should first apply to the orphans' court for an order to sell, if reported afterwards to said court and confirmed after notice to all in interest, would be validated. Bell's Appeal, 66 Pa. 498; Booraem v. Wells, 19 N. J. Eq. 87; Farhall v. Farhall, L. R. 7 Eq. 286.

While, then, there is no positive direction to sell, there is an absolute necessity to sell in order to execute the will, and such a blending of real and personal estate by the testator in his will as to clearly show that he intended to create a fund out of both real and personal estate, and to bequeath the said fund as money.

In such cases an intent to convert will be implied. Hunt's Appeal, 105 Pa. 128; Roland v. Miller, 100 Pa. 47.

The failure of the contemplated bequest to the church is immaterial. Thus in Evans's Appeal, 63 Pa. 183, a testator directed land to be sold and the proceeds applied to founding a charity. The charitable use was declared void; nevertheless the court declared that the conversion remained, and that the heirs took shares of personalty. This was affirmed in Davis's Appeal, 83 Pa. 348.

In Roland v. Miller the legatees were given the proceeds only, not the estate or property itself. So here the proceeds are given as money to the Evangelical Church and Mission Society. See Lindley's Appeal, 102 Pa. 235.

Again; the testator never intended that any portion of his estate should go to anyone but to his wife and religious uses. This is personal property; and, inasmuch as the bequest to the church is void, there is no bequest over, and the corpus of the residuary bequest belongs to the widow absolutely.

A bequest of the interest of a fund, or the use of a thing, without limitation, is a bequest of the fund or thing itself. Garret v. Rex, 6 Watts, 14, 31 Am. Dec. 447; Brownfield's Estate, 8 Watts, 465; Keene's Appeal, 64 Pa. 268; Hough's Estate, 7 W. N. C. 559.

*W. F. Shepherd,* for defendant in error.—There was no conversion worked by the direction in this will. If it had been a direction positive, irrespective of contingencies, etc., that might then have been claimed. Anewalt's Appeal, 42 Pa. 414; Swift's Appeal, 87 Pa. 502; Peterson's Appeal, 88 Pa. 397.

The widow having again married without making the request, the purpose for which a sale was authorized came to an end, and the contingent power to sell came to an end with it. Therefore the instruction upon which the third assignment is based was correct.

Among other cases bearing upon the questions before us, we refer to Walker v. Quigg, 6 Watts, 88, 31 Am. Dec. 452; Cornell v. Lovett, 35 Pa. 100.

OPINION BY MR. JUSTICE CLARK:

The testator, without doubt, intended to give to the executor of his last will and testament a power to sell his real estate; this power was subject to the limitation to be implied from the particular provisions of the will; that the real as well as the personal estate was for the use and support of his widow, and was to be occupied and possessed by her during her widowhood. If at any time during that period, however, she should signify her desire to have the land sold, the testator intended that the executor should comply with her request, and thereafter pay to her the interest of the proceeds. These words of the will are capable, perhaps, of being construed in a permissive sense only; but as the widow was the principal subject of the testator's solicitude, and the provision was wholly in her interest, in the event of her request and his refusal, we think the execution of the power would have been enforced. The third clause of the will is as follows:

"I hereby appoint and empower my trusty friend, Joseph Woomer, my executor of this my last will and testament, and empower him to give a deed for my real estate, the same as I myself could have done if living."

This clause must of course be construed in connection with the whole will. It cannot be said, however, that it refers exclusively to the provisions which precede it, and that it can have no significance beyond that. It is a general power to convey the real estate; it is restricted only by the particular provisions of the second clause, to wit: that the widow, during her widowhood, was entitled to the occupation and possession of the land, and it was not to be sold unless she desired that it should be; in which case, says the testator, "my executor may sell the same." Subject to this limitation the executor would appear to have ample power to convey the land, at his discretion.

Except as already stated there was certainly no positive direction to sell; it may be that there was no technical conversion of the realty into personalty; this we are not called upon to decide; the question here is one of title, not of distribution; whether there was or was not a conversion, it is unnecessary to say—if upon a proper construction of the will, the executor was authorized to sell the land.

It is of no consequence that the sale was made at the request of the widow, after her remarriage; the power was exercised by the administrator *cum testamento annexo,* by virtue of his office under the directions of the will (the executor having renounced his right), and, if he had power independently of the widow, her request was superfluous and could not invalidate his act.

Upon an examination of the whole case we are persuaded that although the testator did not intend to give any absolute direction to sell, he did intend, subject to the restriction stated, to confer a general power; the whole scheme of the will would seem to indicate this purpose of the testator's mind.

We are of opinion, therefore, that the plaintiff below is competent under the will to vest in the defendant the title to the premises in question; the judgment is, therefore, reversed and judgment is now entered on the case stated, in favor of the plaintiff, for the sum of $947, without costs, as stipulated by the parties.