## Miller, Appellant, *v.* Sheaffer et al.

*Wills—Real estate—Directions to sell—Sufficiency—Curtesy.*

A testator provided in his will that certain real estate should be sold by his executors, at the direction of his children, "when and at such time and times as they may think proper and for such price or prices as they may be willing to take for the same."

Subsequently the executors sold the property, all of the heirs joining in the deed. An action of ejectment was afterwards instituted by the husband of one of the heirs, who was also assignee for another share of the property, on the ground that he had not joined in the deed and that, therefore, he was entitled to his share in the property as tenant by curtesy.

*Held,* that the executors had the power to sell the real estate and the failure of the husband of one of the heirs to join in the deed had no effect, as no title ever vested in the heirs and, consequently, the husband never acquired any interest in the property.

Argued November 8, 1920. Appeal, No. 64, Oct. T., 1920, by plaintiff, from judgment of C. P. Lancaster County, March. T. 1919, No. 51, directing a verdict for the defendant in the case of Millard G. Miller v. Peter F. Sheaffer, Sallie E. Sheaffer, Clara E. Bair, Albert N. Sheaffer, Edgar M. Sheaffer and Mary A. Usner. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Ejectment for an undivided one-twelfth interest in a certain tract of land containing 105 acres and 146 perches in Earl Township, Lancaster County. Before LANDIS, P. J.

The facts are stated in the opinion of the Superior Court.

The court directed a verdict in favor of the defendants. Plaintiff appealed.

*Error assigned,* among others, was the refusal of plaintiff's motion for judgment non obstante veredicto.

*F. Lyman Windolph,* and with him *Frank S. Groff,* for appellant.—A mere testamentary power of sale, vested in executors to sell real estate, did not work a conversion. There must be an intent to convert, either express or implied: Hunt's App., 105 Pa. 128; Sheridan v. Sheridan, 136 Pa. 14; Marr's Est., 240 Pa. 38; Chamberlain's Est., 257 Pa. 113; Carter's Est., 225 Pa. 355.

The deed from one of the heirs to the wife of the plaintiff vested in her an undivided one-fourth interest in the real estate, in which the plaintiff was entitled to his curtesy: Commissioners v. Poor District, 169 Pa. 116; Peck v. Ward, 18 Pa. 506; Thorndell v. Morrison, 25 Pa. 326; Houck v. Ritter, 76 Pa. 280; Miller v. Ruble and wife, 107 Pa. 395; Sanders's Estate, 41 Pa. Superior Ct. 77; Bailey v. Allegheny National Bank, 104 Pa. 425.

*H. Edgar Sherts,* and with him *B. F. Davis,* for appellee, cited: Spring's Est., 216 Pa. 529; Gibbons v. Gibbons, 235 Pa. 24; Shirk's Est., 242 Pa. 95; Kerr et al. v. Verner, 66 Pa. 326; Potts v. Breneman, 182 Pa. 295; Watt's Est., 202 Pa. 85.

OPINION BY TREXLER, J., March 5, 1921:

The plaintiff issued a summons in ejectment for the undivided one-twelfth interest in a tract of land of which Solomon Sheaffer died seized in fee. Sheaffer left a last will and testament in which he directed as follows: "I desire that my family, my wife and our children, may continue to live together in our present residence......but as it cannot be expected that they will be willing to do so when and as they respectively grow up and arrive at full age, and as they shall be equal sharers of my estate, they are at liberty to direct my executors to sell and dispose of my plantation......when and at such time and times as they may think proper and for such price or prices as they may be willing to take for the same." The products, rents, and income of the plantation and homestead, so far as required, were to be for

the enjoyment of his family, wife and children, the education of the latter and the setting them up in business. Accounts were to be kept and any sums spent specially for any of the children should be charged against them without interest. His wife should have the household furniture and goods, and if the home should be broken up, she should get another home and the present home was to be sold or accepted at the appraisement made, as if he had died intestate, and the money to be paid to the executors. His wife was to be liberally and generously provided for, and the executors were to set apart sufficient capital to provide a fund for this purpose.

The case before us hinges upon the provision in the will, that the heirs shall be at liberty to direct the executors to sell the plantation at such time and for such price as they may be willing to take for the same. The decedent left four children. One of them, Albert N., transferred his right, title and interest, to the estate, real or personal, to his mother, Maria Miller, the widow of decedent, who had married again, and who was also one of the executors. Subsequently Maria Miller and Peter F. Sheaffer as executors of Solomon Sheaffer; deceased, Maria Miller individually and the other two heirs granted and conveyed the plantation unto Edgar M. Sheaffer. Millard G. Miller, the plaintiff, the husband of Maria Miller, did not join in the deed. Albert N. Sheaffer and wife, gave a quitclaim deed to the purchaser. The plaintiff claims that the interest of Maria Miller his wife, as transferee of Albert N. Sheaffer could only be sold and conveyed by her husband joining in the deed, and that therefore no title to this interest passed to the purchaser. As Maria Miller had died, he claims that under the intestate laws one-third of her share, or one-twelfth of the whole plantation belongs to him, and to recover this interest, this present suit has been brought.

The learned court below found in favor of the defendants upon the proposition that the will provided for the sale of the land with the consent, or at the direction of

the heirs; that it matters not whether the land has been converted or has remained real estate, that the provision of the will has been carried out. The consent of all the heirs was obtained. No title has vested in Maria Miller, and of course her husband never had any interest in the property as tenant by curtesy. This position taken by the learned judge we regard as correct. Construing the whole will it may be argued that the intention of the testator is quite evident, that he did not desire the property to pass to his heirs as real estate, but contemplated a conversion in order to furnish the fund required for the comfortable support and maintenance of his widow and children. We think, however, it better to affirm the judgment upon the reasons given by the lower court. In Hackett v. Milnor, 156 Pa. 1, testatrix gave her whole estate to three of her daughters, naming them, for life, and upon the death of each of them to the survivor or survivors. Upon the death of the last survivor, if any surplus was left it was to be divided equally among her other children. She further directed as follows: "I also direct my executor by and with the advice, consent and approval of my said named daughters and legatees, if he shall see fit at any time after my decease, to sell, either by public or private sale, any and all the real estate I may die seized of, and to convey and make title by deed to the purchaser or purchasers of the same, and pay over the proceeds to my said daughters and legatees above named for their use." It was held that a deed by the executor and the two surviving daughters named in the will would pass a good title to the real estate. In Livingood v. Heffner, 9 Sadler 526, testator left the residue of his estate to his wife as long as she remained his widow and in case she remarried she was only to have what the law allowed her, but there was a provision in the will, at her request the executor might sell the land and put the money on interest, and in the will the decedent empowered the executor to give a deed for his real estate. The court held that even after the widow married again

she had the power to direct the executor to sell.    The following part of the opinion in that case is apposite. "Except as already stated there was certainly no positive direction to sell; it may be that there was no technical conversion of the realty into personalty; this we are not called upon to decide; the question here is one of title, not of distribution; whether there was or was not a conversion, it is unnecessary to say......if upon a proper construction of the will, the executor was authorized to sell the land."

We think the scheme of the testator as expressed in the will was carried out and that the case has been correctly decided by the court below.

The decree of the lower court is affirmed.    Appellant for costs.